UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VALERIE P. ADEMAKINWA,

    Plaintiff,

        v.

MICHAEL J. ASTRUE, Commissioner, Social
Security Administration,

    Defendant.

Civil Action No. 07-2162
DAR

**MEMORANDUM OPINION**

Pending for determination by the undersigned United Magistrate Judge are (1) Defendant's Motion for Entry of Judgment with Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) ("Defendant's Motion for Sentence Four Remand") (Document No. 30), and (2) Plaintiff's Motion for an Order Reversing the Decision Below and Awarding Benefits ("Plaintiff's Motion for Award of Benefits") (Document No. 32). Upon consideration of the motions, the memoranda in support thereof and in opposition thereto, and the entire record herein, Defendant's motion will be denied, and Plaintiff's motion will be granted.

**BACKGROUND**

On April 28, 2004, Plaintiff applied for Supplemental Security Income (SSI) disability benefits, on the grounds that "[a]rthritis, bronchitis, depression, [and an] ulcer" limited her ability to work. Administrative Record ("R.") at 17, 68. On November 4, 2004, Plaintiff's initial application for SSI benefits was denied. R. at 17, 36-39. Plaintiff's request for reconsideration also was denied. R. at 41-46. Thereafter, Plaintiff filed a timely request for a hearing before an

Administrative Law Judge (ALJ). R. at 17, 47-48.

On June 22, 2005, Plaintiff filed her Request For Review of Hearing Decision. R. at 17, 47-48. As a basis for review, Plaintiff asserted that "[f]ull consideration was not given to [her] major depression and arthritis. R. at 47. An oral hearing was conducted by the ALJ on January 10, 2007, at which Plaintiff, represented by counsel, and a vocational expert appeared and testified. R. at 17, 758-797. In his May 3, 2007 Decision, the presiding ALJ held that Plaintiff was not disabled as defined in the Social Security Act ("Act") at any time from January 15, 2004 to the date of the decision, and therefore was not entitled to supplemental security income benefits. R. at 17-29. The ALJ found that while Plaintiff "does not retain the capacity to perform [her] past relevant work[,]" "there are jobs that exist in significant number[s] in the national economy that [Plaintiff] can perform" *Id.*[1] Upon the Appeal Counsel's denial of Plaintiff's request for review, the ALJ's decision became the "final decision of the Commissioner." R. at 6.

On November 30, 2007, Plaintiff, who was then proceeding *pro se*, filed her Complaint for Reversal of the Secretary's Final Decision (Document No. 1). Defendant moved for an order affirming the decision of the Commissioner to deny Plaintiff SSI disability benefits. *See* Defendant's Motion for Judgment of Affirmance (Document No. 14). Thereafter, counsel was appointed to represent Plaintiff. *See* Notice of Appearance (Document No. 22). Through her counsel, Plaintiff opposed Defendant's motion for judgment of affirmance, and moved for an order reversing the decision and remanding the case "for a re-evaluation of whether jobs exist in significant numbers in the national economy that Plaintiff can perform." Plaintiff's Motion for Reversal and Opposition to Defendant's Motion for Judgment of Affirmance (Document No. 24).

---

[1] The ALJ relied on the testimony of the VE in identifying three examples of occupations which Plaintiff is capable of performing given her residual functional capacity, age, education and degree of work experience. R. at 28.

In his third request for an extension of time in which to file his opposition to Plaintiff's motion, Defendant represented that "[t]he agency attorney assisting undersigned counsel on this case has advised that he has identified certain issues that he needs to discuss with the Agency's Appeals Counsel, in order to determine how the agency should proceed as to those issues. Such discussions may or may not lead to a request for a remand of this case to the agency." Motion for Further, Two-Week Extension of Time to File Defendant's Opposition to Plaintiff's Motion for Remand and to File Defendant's Reply Memorandum in Support of His Motion for Judgment of Affirmance (Document No. 28) at 1. After the third motion for extension was granted, Defendant abandoned his initial request for an order affirming the decision of the Commissioner, and instead, asked that the court enter a judgment reversing the final decision and remanding the case for further administrative proceedings. *See* Defendant's Motion for Sentence Four Remand at 1.[2] Defendant advised that on remand, "the ALJ will be instructed (1) to evaluate the severity of plaintiff's mental impairments, with and without the effects of polysubstance abuse; (2) re-evaluate the opinion evidence and plaintiff's subjective complaints, citing supporting evidence for the conclusions reached; and (3) obtain supplemental vocational expert testimony, as needed." *Id.*[3]

Plaintiff opposed the motion, and moved for an order reversing the decision of the Commissioner. Plaintiff's Motion for Award of Benefits at 1; *see also* Plaintiff's Memorandum of Points and Authorities in Response to Defendant's Motion for Judgment with Remand and in

---

[2] No memorandum of points and authorities accompanies the one–page motion. *See* LCvR 7(a).

[3] Defendant's filing of the Motion for Sentence Four Remand rendered both his initial Motion for Judgment of Affirmance (Document No. 14), and Plaintiff's Motion for Reversal (Document No. 24), moot.

Support of Plaintiff's Motion for an Order Reversing the Decision Below and Awarding Benefits ("Plaintiff's Memorandum") (Document No. 32-1). Plaintiff submits that the determination by the ALJ that she does not "retain the capacity to perform her past relevant work[]" shifted the burden to the Commissioner to establish that "other jobs exist in significant numbers in the national economy" which she can perform, "given her medical limitations, age, education, and work experience." Plaintiff's Memorandum at 4. Plaintiff contends that the Commissioner "did not and cannot carry this burden" "because a sufficient number of jobs do not exist in the economy that Plaintiff is capable of performing." *Id.* at 5.[4] While Plaintiff submits that an order reversing the decision below and awarding benefits is the appropriate remedy, she asks that any remand be limited to re-evaluation of whether jobs which Plaintiff can perform exist in significant numbers in the national economy. *Id.* at 6-8.

Defendant, in his opposition to Plaintiff's motion for award of benefits and reply in further support of his motion for a sentence four remand, concedes that there are "problems with the ALJ's decision . . . [which] [lie] in his evaluation of plaintiff's [residual functional capacity]." Defendant's Memorandum in Opposition to Plaintiff's Motion for an Award of Benefits and Reply Memorandum in Support of Defendant's Motion for Judgement of Affirmance ("Defendant's Opposition") (Document No. 34) at 12. Defendant maintains that a remand "for a *de novo* evaluation of the evidence and a new decision" "could lead to a different RFC and a

---

[4] Plaintiff challenges the vocational expert's utilization of the Dictionary of Occupational Titles ("DOT"), rather than the "more updated system called O*NET" released by the Department of Labor. *Id.* at 4-5, 7-8. Because the undersigned knows of no authority which permits a district court to require that a vocational expert utilize a particular source of information, none of the findings set forth herein encompass any such determination.

different result." *Id.*[5] Defendant further contends that sentence four remand, rather than reversal, is the proper remedy because the "evidence of record is not so clear as to mandate the payment of benefits." *Id* at 5.

Plaintiff, in her reply, contends that the Commissioner should instead be directed to grant Plaintiff benefits because the collective record demonstrates "uncontroverted" and "ample evidence[]" that she is disabled, and that the Commissioner did not carry his burden of demonstrating that jobs which Plaintiff can perform exist in significant numbers in the national economy. Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for an Order Reversing the Decision Below and Awarding Benefits (Document No. 36) at 2; *see also id.* at 3-6.

**APPLICABLE STANDARDS**

The Social Security Act allows a claimant whose application for SSI benefits was denied to commence an action in a United States District Court to seek review of the Commissioner's final decision. 42 U.S.C. § 405(g); *see also Rossello v. Astrue*, 529 F.3d 1181, 1186 (D.C. Cir. 2008) (citation omitted); *Calica v. Commissioner of Social Sec.*, 601 F. Supp. 2d 203, 204 (D.D.C. 2009) (citation omitted); *Crawford v. Barnhart*, 556 F. Supp. 2d 49, 51-52 (D.D.C. 2008) (citations omitted).[6]

---

[5] Defendant opposes any requirement that the ALJ be required to utilize the O*NET, rather than the DOT. *See id* at 5-9, 11-12. However, because the undersigned has already determined that there is no authority which permits a district court to prescribe the reference materials which a vocational expert must utilize (*see* n.4, *supra*), no further consideration of this issue is warranted.

[6] Pursuant to the relevant regulations, the Secretary has established a five-step process for evaluating whether a claimant is "disabled" under the Act. 20 C.F.R. § 404.1520 (1983). The United States District Court for the District of Columbia has summarized the five–step evaluation as follows: (1) the claimant shall not have undertaken "substantial gainful activity" from the date of onset of the disability; (2) the claimant must demonstrate a "severe impairment," one that "significantly limits [his]

Pursuant to sentence four of 42 U.S.C. § Section 405(g), a district court has discretion "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing." 42 U.S.C. § Section 405(g); *see also Ingram v. Barnhart*, No. 05-0740, 2007 WL 1521040, at *2 (D.D.C. May 22, 2007).

With regard to remand, the courts in which the issue has been addressed have observed – without relying on the distinction between sentence four or six – that remand is appropriate where the court is "unable to discern whether the [Commissioner] considered . . . new and material evidence[]" (*Lamp v. Astrue*, 531 F.3d 629, 633 (8th Cir. 2008) (citation omitted)); where the court cannot adjudicate plaintiff's claims because the record is incomplete (*Ortiz v. Commissioner of Social Sec.*, No. 07-4254, 2008 WL 3833421,* 2 (D.N.J. August 13, 2008)); or where the court cannot determine "'the ALJ's rationale . . . without further findings or clearer explanation for the decision'" (*Toribio v. Astrue*, No. 06-6532, 2009 WL 2366766, *8 (E.D.N.Y. July 31, 2009) (citations omitted)).

With regard to the court's discretion to reverse the Commissioner's decision and order an immediate award of benefits, this court has determined that such action is appropriate "where the evidence on the record as a whole is clearly indicative of disability and additional hearings would serve no purpose other than to delay the inevitable receipt of benefits[.]" *Hawkins v. Massanari,*

---

physical or mental ability to do basic work activities"; (3) the impairment must either be listed in the governing appendix or must be substantially equivalent to the impairments included in the appendix, and (4) the claimant must not be capable of engaging in work in which he or she has engaged in the past. *See, e.g., Pinkney v. Astrue*, No. 07-00352, 2009 WL 4909946, *3 (D.D.C. Dec. 18, 2009) (citations omitted). If the claimant is not capable of performing the past work, the Commissioner must next make a determination regarding the claimant's "residual functional capacity" ("RFC") in order to determine whether work exists in substantial numbers in the national economy which the claimant can perform. *See, e.g., Sloan v. Astrue*, 538 F. Supp. 2d 152, 154 (D.D.C. 2008) (citations omitted). While the Plaintiff has the burden of proof for the first four steps, the burden shifts to the Commissioner to establish that the claimant is capable of engaging in other gainful work. *Id.*

No. 00-2102, 2002 WL 379898, at *4 (D.D.C March 8, 2002) (citation omitted); *see also Lockard v. Apel*, 175 F. Supp. 2d 28, 34 (D.D.C. 2001) (reversal is appropriate where "the administrative record has been fully developed and new facts would not be explored on remand[]"); *Martin v. Apel*, 118 F. Supp. 2d 9, 18 (D.D.C. 2000) ("[W]here the record in the case has been thoroughly developed, and a hearing would merely function to delay the award of benefits, reversal [instead of remand] is appropriate.") (citation omitted).

**DISCUSSION**

The framework for judicial review of the final agency decision at issue in this action is limited by Defendant's concession that "the case must be remanded" due to "problems with the ALJ's decision[.]" Defendant's Opposition at 12. Thus, only two options are presented: a sentence four remand, in accordance with Defendant's motion, or an order reversing the decision and awarding benefits, in accordance with Plaintiff's motion.

The undersigned finds that there is a relative dearth of authority in which the bounds of the court's discretion in this context are addressed. Indeed, the last judge of this court to have had occasion to address the issue was the undersigned, some eight years ago, in *Hawkins*. In *Hawkins,* the undersigned concluded that "the [Commissioner] has not made any offer as to why the evidence it wants to develop is important enough now so as to warrant a remand, but not important enough to have bothered developing before the initial administrative hearing." *Hawkins*, 2002 WL 379898, at *6 (citation omitted). Here, as in *Hawkin*s, the Defendant has offered no authority to support his request for remand for further proceedings; here, as in *Hawkins*, none of the factors which have been found to warrant remand, rather than reversal, are

present.  Defendant's Motion for Sentence Four Remand at 1; *see also* Defendant's Opposition at 3-5.  Defendant makes no effort either to distinguish *Hawkins*, or to offer other authorities suggesting another analysis of this issue.  For these reasons, the undersigned finds that the Defendant has failed to demonstrate why a sentence four remand, rather than reversal, is warranted.  Indeed, this court has held that "[w]here there is additional evidence which can be produced to remedy defects in the original administrative hearing, a court should remand to the ALJ for a new hearing. . . . However, where the record in the case has been thoroughly developed, and a hearing would merely function to delay the award of benefits, reversal is appropriate."  *Martin*, 118 F. Supp. 2d at 18 (citations omitted).

Here, Defendant no longer maintains that the decision was supported by substantial evidence and was reached through a proper application of existing law;[7] rather, Defendant claims only that "the evidence of record is not so clear as to mandate the payment of benefits." Defendant's Opposition at 5.  Thus, Defendant virtually concedes that even he cannot support the ALJ's decision.  Defendant – like Plaintiff – recognizes that there are "problems with the ALJ's decision . . . [which] [lie] in his evaluation of plaintiff's [residual functional capacity]." Defendant's Opposition at 12.  However, Defendant offers only speculation that "[a] proper evaluation *could* lead to a different RFC and a different result." *Id.* (emphasis supplied). Moreover, Defendant does not controvert the evidence with respect to Plaintiff's ailments; accordingly, the undersigned finds that the suggestion that on remand, the ALJ *could* conclude that Plaintiff's RFC is broader than that which he initially found is largely specious.  Finally, the undersigned observes that the authorities on which Defendant relies for the proposition that at

---

[7] *See* n.6, *supra.*

least one of the jobs – that of "dowel inspector" – which the ALJ found exists in significant numbers in the national economy are, on average, 20 years old. *See* Defendant's Opposition at 10-11.

**CONCLUSION**

In sum, the undersigned concludes that remand pursuant to sentence four is unwarranted. The administrative record has been fully developed, and no new facts regarding Plaintiff's impairments would be considered; moreover, Defendant has suggested no basis upon which an ALJ could reach a finding favorable to Defendant regarding Plaintiff's RFC, or the existence of jobs in significant numbers in the national economy which she can perform. While "reversal instead of remand is more common in disability benefits appeals," in this case, as in *Lockard*,

> conditions supporting a reversal are present here. Plaintiff . . . has been entangled in the disability system for at least five years. . . . In addition, the administrative record has been fully developed and new facts would not be explored on remand. The institutional concern of deferring to the expertise of the administrative agency is not present here. . . . [I]t would be virtually impossible for [an ALJ] to find against plaintiff upon remand.

*Lockard*, 175 F. Supp. 2d at 33-34.

The undersigned thus concludes that an immediate award of benefits is warranted: Defendant's concession that there are "problems with the ALJ's decision . . . [which] [lie] in his evaluation of plaintiff's [residual functional capacity]" (*see* Defendant's Opposition at 12) demonstrates that additional proceedings would simply delay the "inevitable receipt of benefits." *Hawkins*, 2002 WL 379898, at *6; *see also Rossello,* 529 F.3d at 1185 (reversal of the

Commissioner's decision indicated where the decision "does not pass muster.").

For the foregoing reasons, Defendant's Motion for Entry of Judgment with Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Document No. 30) will be denied, and Plaintiff's Motion for an Order Reversing the Decision Below and Awarding Benefits (Document No. 32) will be granted.

An order directing such relief will be filed contemporaneously.

                                                        /s/  
                                               DEBORAH A. ROBINSON  
                                               United States Magistrate Judge

March 19, 2010